UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
                                                :
UNITED STATES OF AMERICA ex rel.     :
DONALD GALE, relator                       :
                                                :       CASE NO.  1:10-cv-127
                    Plaintiff,                  :
                                                :
v.                                              :       OPINION & ORDER
                                                :       [Resolving Doc. 66]
OMNICARE, INC.,                             :
                                                :
                    Defendant.              :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In this *qui tam* action, Relator Donald Gale, on behalf of the United States, says that

Defendant Omnicare, Inc. gave nursing homes discounts on Medicare Part A services in exchange

for referrals of other patients with reimbursable drug costs.[1/]  Gale says that these discounts are

kickbacks in violation of the Medicare Anti-Kickback Statute[2/] and render the Medicare Part A

reimbursements fraudulent.[3/]  He sues on behalf of the United States under the False Claims Act.

        Omnicare now makes a "Motion to Disqualify Donald Gale as a Relator" saying that Gale

violated procedural requirements of the False Claims Act by mentioning this lawsuit to his wife and

two former Omnicare colleagues before the Court lifted the seal on the complaint.[4/]  Gale says that

he did not violate the requirements of the act or the seal and that Omnicare's motion is untimely.[5/]

---

[1/][Doc. 1 at 8.]

[2/]42 U.S.C. § 1320a-7b(a)(3)

[3/][Doc. 1 at 8-10.]

[4/][Docs. 66, 66-1.]

[5/][Doc. 78.]

Case No. 1:10-CV-127
Gwin, J.

For reasons that follow, the Court finds that Gale's actions did not violate the procedural requirements of the False Claims Act and, additionally, that Omnicare has waived its right to bring this motion by delaying over two years.  Therefore, the Court **DENIES** Defendant's motion.

## I.

In an earlier Opinion and Order, the Court summarized the allegations of Gale's complaint. Omnicare supplies prescription drugs to long-term healthcare facilities, including many Medicare-certified Skilled Nursing Facilities ("SNFs").[6] Gale worked for Omnicare from 1994 until 2010 as a consulting pharmacist, director, director of operations, vice president of operations, and general manager of its Wadsworth, Ohio, pharmacy.[7]

Gale's complaint targets Omnicare's practices surrounding Medicare Part A, which provides prescription drug coverage for patients in SNFs.  Generally, under Part A, the Government reimburses SNFs a fixed fee per patient, per day (a perdiem) based on the patient's condition for the patient's overall care.[8]  In turn, SNFs pay Omnicare a per diem, based on the patient's condition, for any prescription drugs or supplies that the patient needs.[9]  Thus, if a SNF can minimize per diem drug costs for a Part A patient, it will reap the greatest profit from the Part A reimbursement.[10]  Gale says that Omnicare offered a number of kickbacks, including discounts and below-cost per diem pricing, to some SNFs on their Part A patients in return for referrals of other patients that Omnicare

---

[6] [Doc. 1 at 1, 6.]

[7] [Doc. 1 at 1.]

[8] [Doc. 1 at 6.]

[9] [Doc. 1 at 6.]

[10] [Doc. 1 at 6.]

Case No. 1:10-CV-127
Gwin, J.

could bill against other public insurance programs.[11]  Gale says that these discounts are
remuneration in exchange for the referral of customers and thus violate the Medicare Anti-Kickback
Statute.[12]  He says that all of the Part A reimbursements involved this fraud.[13]

Gale sues under the False Claims Act.[14]  Generally, the False Claims Act says that anyone
who makes a fraudulent claim for payment against the Government is liable for a civil penalty plus
three times the amount of damages sustained by the Government.[15]  A private party, or relator, may
bring a *qui tam* suit on behalf of the Government by filing the complaint under seal, giving the
Government an opportunity to prosecute the suit and may prosecute the case themself if the
Government declines to do so.[16]  In exchange, the relator is entitled to a percentage of any penalty
or settlement obtained from the lawsuit.[17]  When a relator files suit under the False Claims Act, the
relator must do so under seal and serve it only on the Government so that the Government has an
opportunity to decide whether it will pursue the prosecution itself before the Defendant learns of the
lawsuit.[18]

On January 19, 2010, Gale filed a sealed complaint as a relator under the False Claims Act

---

[11]/[Doc. 1 at 8.]

[12]/[Doc. 1 at 9-10.]

[13]/[Doc. 1 at 9-10.]

[14]/31 U.S.C. § 3729 *et seq.*

[15]/31 U.S.C. § 3729(a)(1)(G).

[16]/31 U.S.C. § 3730(b)-(d).

[17]/31 U.S.C. § 3730 *et seq.*

[18]/*See U.S. ex rel. Summers v. LHC Grp., Inc.*, 623 F.3d 287, 297 (6th Cir. 2010).

Case No. 1:10-CV-127
Gwin, J.

and served it on the United States.[19]  He asserted seven claims.[20]  On April 4, 2011, the United

States notified the Court of its intention not to intervene, and the Court unsealed the complaint.[21]

Omnicare moved three times for additional time to answer the complaint.[22]  Finally, on January 27,

2012, Omnicare moved to dismiss this lawsuit for failure to state a claim upon which relief can be

granted under Federal Rules of Civil Procedure 12(b)(6) and 9(b).[23]  On September 26, 2012, the

Court granted Omnicare's motion to dismiss counts five, six, and seven, but denied Omnicare's

motion to dismiss counts one through four.[24]

Omnicare now files a self-styled "Motion to Disqualify Donald Gale as a Relator."[25]

Omnicare says that the False Claims Act imposes strict procedural requirements, including that the

relator may not disclose the existence of the lawsuit to anyone except the government while the suit

remains under seal.[26]  Omnicare says that Gale violated this seal by disclosing the lawsuit to his

wife, and to Jeffrey Carty and Chris Glasser, both former Omnicare colleagues.[27]  Gale generally

denies such disclosures, but says that even the comments that Omnicare alleges were still in

_____

[19]/[Doc. 1.]

[20]/[Doc. 1.]

[21]/[Docs. 8, 12.]

[22]/[Docs. 19, 23, 24.]

[23]/[Doc. 26.]

[24]/[Doc. 36.]

[25]/[Doc. 66.]

[26]/[Doc. 66-1 at 1.]

[27]/[Doc. 66-1 at 2-3.]

-4-

Case No. 1:10-CV-127
Gwin, J.

compliance with the act.[28/]  He also says that Omnicare's motion is untimely because a breach of the act's seal requirements is not jurisdictional.

## II.

Omnicare's purported motion fails for two reasons.  First, Gale's purported actions did not violate the requirements of the False Claims Act because he filed his complaint *in camera* and did not disclose the material evidence or allegations contained therein.  Second, Omnicare files this motion more than two years after it supposedly learned of this lawsuit and more than a year after its first motion to dismiss.  The seal requirement of the act is not jurisdictional, and Omnicare's undue delay in bringing this motion renders its arguments waived.

### A.  Procedural Requirements of the False Claims Act

*1. Legal Standard*

To initiate a False Claims Act lawsuit, the relator must serve

[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses . . . on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure.  The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders.  The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.[29/]

Omnicare does not dispute that Gale filed his complaint under seal or that he served it on the Government.  Instead, Omnicare says that in *United States ex rel. Summers v. LHC Group, Inc.*, the Sixth Circuit interpreted this requirement to mean that if the relator so much as mentions attorneys

---

[28/][Doc. 78.]

[29/]31 U.S.C. § 3730(b)(2).  The Government may move for extensions of the seal for good cause.  31 U.S.C. § 3730(b)(2).

Case No. 1:10-CV-127
Gwin, J.

or a lawsuit with the defendant to anyone except the government, the relator must be dismissed.[30] This reading goes too far.

In *Summers*, the plaintiff sought to bring a *qui tam* action for Medicare fraud, but failed to file her complaint under seal.[31]  Because of the plaintiff's failure to file under seal, the United States Attorney's Office saw the filing through the court's electronic filing system days later.[32] Approximately twenty-five days after Summers's filing, and well within the minimum sixty-day seal period, the defendant moved to dismiss the case for both lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim on which relief can be granted under Rule 12(b)(6).  The district court dismissed the case under Rule 12(b)(6), and the Sixth Circuit affirmed.[33]  Relying on legislative history, the Sixth Circuit reasoned that the sixty-day seal period sought to balance the "litigative rights" of the relator with the "law enforcement needs" and the "defendant's interests."[34] Accordingly, it held that "violations of the procedural requirements imposed on *qui tam* plaintiffs under the False Claims Act preclude such plaintiffs from asserting *qui tam* status."[35]

While *Summers* spoke to the remedy when a relator breaches the seal (dismissal as relator), it did not consider the extent of the seal—it did not have to as the plaintiff in *Summers* failed to file under seal at all.  The Fourth and Ninth Circuits, however, have considered this issue.  The Fourth Circuit said that "the seal provisions limit the relator only from publicly discussing the filing of the

---

[30][Docs. 66-1 at 2-; 79 at 1-2.]

[31]/623 F.3d. at 289.

[32]/*Id.* at 289-90.

[33]/*Id.* at 290 n.2.

[34]/*Id.* at 296 (quoting S. Rep. 99-345, at 24 (1986)).

[35]/*Id.*

Case No. 1:10-CV-127
Gwin, J.

*qui tam* complaint.  Nothing in the FCA prevents the qui tam relator from disclosing the existence

of the fraud."[36]  And the Ninth Circuit interpreted the public disclosure aspect of the seal to forbid

a relator from "making statements to the *Los Angeles Times* about the existence and nature of her

*qui tam* suit."[37]  The legislative history likewise reflects that Congress adopted the seal provision

"in response to Justice Department concerns that *qui tam* complaints filed in open court might tip

off targets of ongoing criminal investigations."[38]  The Court agrees with these interpretations and

holds that the False Claims Act's seal requirements prevent the relator from publicly discussing the

filing of the *qui tam* complaint, but not the nature and existence of the fraud.

    *2.  Analysis*

    Gale's alleged comments do not constitute breaches of the "procedural requirements of the

act."  They differ significantly from the filing of an unsealed complaint in *Summers* and disclosure

to a newspaper in *Lujan*.  First, Gale's comments to his wife do not qualify as public—even were

his spouse an Omnicare employee.  Second, Omnicare fails to identify another statement in which

Gale discussed the filing of the *qui tam* complaint.

    Omnicare points to statements that Jeffrey Carty recounts in a declaration attached to its

brief in support of this motion.  Carty says:

> On or about August 12, 2010, Mr. Gale and I exchanged emails in which we
> discussed meeting for lunch. In one of Mr. Gale's emailed replies, he expressed to
> me that when we met for lunch we should "not talk about death, dying, taxes,
> whistles, or odd diseases so we can actually go back to work melancholic."

---

[36] *Am. Civil Liberties Union v. Holder*, 673 F.3d 245, 254 (4th Cir. 2011).  The Fourth Circuit also analyzed
the myriad constitutional concerns raised by an overly-broad interpretation of this restrain on speech.

[37] *United States ex rel Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 244 (9th Cir.1995).

[38] S. Rep. No. 99-345, at 16, (1986).  *Summers* emphasized the importance of the legislative history of the 1986
amendments to the False Claims Act in understanding the seal provision.  *See Summers*, 623 F.3d at 297.

Case No. 1:10-CV-127
Gwin, J.

> (Attached as Exhibit A.) Based on what I then knew from talking to Mr. Gale about his lawsuit against Omnicare, I understood his recommendation that we should "not talk about ... whistles" to probably be a reference to Mr. Gale's whistle blower lawsuit against Omnicare.[39]

Later, Carty says,

> Mr. Gale wrote to me that he "had to meet with lawyers at l0AM in Akron courthouse," and could call me when his meeting ended. (Attached as Exhibit B.) Based on what I then knew from talking to Mr. Gale about his lawsuit against Omnicare, I understood his "meet[ing] with lawyers at 10 AM in Akron courthouse" to probably be related to Mr. Gale's whistleblower lawsuit against Omnicare. I did, indeed, have lunch with Donald Gale that day and he made passing reference to his meeting with lawyers about his lawsuit.[40]

Whatever Carty or Omnicare may wish to understand from a reference to "whistles" nearly three years later, this statement was not a "public[] discussion [of] the filing of the *qui tam* complaint." It makes no mention of the filing of a complaint, and it makes no mention of *qui tam*.  Likewise, Mr. Gale's statement that he had to "meet with lawyers" is not equivalent to the public discussion of a *qui tam* complaint.  Gale may have been meeting with lawyers for any number of reasons.  Carty and Omnicare are not free, some two years later, to ascribe meaning to these statements that they plainly did not attribute at the time.  The danger for hindsight bias in a motion such as this is high. But the question is not whether, in hindsight, circumstantial evidence suggests that Gale was filing a *qui tam* lawsuit, but instead whether he actually disclosed the suit's existence at the time.  Had Carty and Omnicare believed at the time what they now say they knew all along, they would have brought the instant motion well before discovery and the motion to dismiss.

Gale's purported statements to Chris Glasser are no more helpful for Omnicare.  Gasser says that "Mr. Gale told me that he was discussing with his attorney or attorneys a concern that he had

---

[39][Doc. 66-3 at 3.]

[40][Doc. 66-3 at 3-4.]

Case No. 1:10-CV-127
Gwin, J.

about Omnicare pricing to select skilled nursing facilities.  I do not recall now whether he expressly stated that he had sued Omnicare about this concern, although he may have mentioned the lawsuit."[41]  He also says that in an email,

> Mr. Gale relayed to me his recent activities, including that on "Tuesday [he] had to meet with attorneys." (Attached as Exhibit A.)  Based on what I knew at that time from discussions with Mr. Gale, I understood his reference to attorneys to mean that he was meeting with his attorney or attorneys regarding his concern about Omnicare's past business practice relating to pricing.[42]

Again, although, in hindsight, Gasser and Omnicare can connect the dots, these statements do not constitute public discussion of the filing of the complaint within the meaning of the act.  First, Gasser expressly does not recall whether Gale stated that he had sued Omnicare.  Second, the only statement that Gasser actually remembers is a reference to a meeting with attorneys—hardly equivalent to disclosure of the filing of a complaint.  Finally, Glasser's vague recollection that Gale was discussing concerns about Omnicare's pricing with his attorneys could be construed in any number of ways.  Gale may have been concerned about his own liability for these same practices.  These vague comments do not give rise to the inference that Gale discussed the filing of the *qui tam* complaint.  In sum Gale's purported comments simply do not rise to a breach of the seal or, therefore, of the procedural requirements of the act.

The act's filing-under-seal requirement gives the Government time to investigate the alleged fraud, determine whether it is already investigating the alleged fraud, and decide whether it will prosecute the suit itself before the target is tipped off.  Gale's comments did *not* tip off Omnicare.  The Court declines Omnicare's invitation to expand "the procedural requirements of the act" to

---

[41]/[Doc. 66-5 at 2.]

[42]/[Doc. 66-5 at 3.]

Case No. 1:10-CV-127
Gwin, J.

include absolute silence as to the nature of the fraud or the existence any lawsuit—a silence that would go well beyond the act's text and the purposes that guide both the act and *Summers*.

**B.  Undue Delay in Bringing this Motion**

The Court also denies Omnicare's motion because the Court finds that Omnicare has engaged in undue delay in bringing this motion and, therefore, waived the arguments made therein. "[I]if the court otherwise finds that a defendant has failed to exercise due diligence or has asserted the defense for dilatory purposes" the court may (but need not) deem the defense waived.[43/]  In *Summers* the defendant moved to disqualify the relator less than a month after the filing of the relator's complaint, and well before the district court lifted the seal on the complaint.[44/]  Here, on the other hand, Omnicare has waited almost three years between supposedly learning of this conduct and the filing of this motion.

Omnicare says that "Mr. Gale disclosed to Omnicare the existence and nature of his suit against Omnicare during 2010."[45/]  After the Court lifted the seal, Omnicare requested and received three extensions to answer this complaint in 2011, as well as additional pages to file its motion to dismiss.[46/]  It finally filed a motion to dismiss on January 27, 2012, at least one full year after it says that it was aware of that Mr. Gale breached his seal.  On May 14, 2013, after this motion was denied, and more than another full year after it was aware that Mr. Gale breached his seal Omnicare

---

[43/]*English v. Dyke*, 23 F.3d 1086, 1090, 190n.1 (6th Cir. 1994); *see also* Fed. Prac. & Proc. Civ. § 1342 (3d ed.).

[44/]*Summers*, 623 F.2d at 289-90.

[45/][Doc. 66-1 at 5.]

[46/][Docs. 19, 23, 24.]

-10-

Case No. 1:10-CV-127
Gwin, J.

finally filed this motion.[47/]  Omnicare offers no explanation for the delay of over two years in

bringing this motion.  Plainly, two years is an undue delay and reflects a failure to exercise due

diligence in bringing a motion to dismiss based on this conduct.  Accordingly, the Court finds that

Omnicare has waived its right to make this kind of motion.

Omnicare cannot save this motion by claiming that the seal requirement is jurisdictional.

In *Summers*, the defendant moved to dismiss the relator under both Rules 12(b)(1) and 12(b)(6)

based on Summers's failure to file under seal.  In a footnote, the Sixth Circuit explained that:

> [t]he district court, [also] in a footnote, stated that "if it were required to make an
> express finding on the issue" it would hold the requirements to be non-jurisdictional,
> largely because if they were jurisdictional then a violation would require the
> complaint to be dismissed with prejudice to both the relator and the United States,
> thus depriving the United States of its right to pursue the litigation if it so chose.
> *United States ex rel. Summers*, 2009 WL 1651503, at *6 n. 7 (citing U*nited States
> ex rel. Ubl v. IIF Data Solutions*, 2009 WL 1254704 (E.D.Va. May 5, 2009)).
> Because the issue is neither in controversy nor necessary to decide in this case, we
> will assume without deciding that the under-seal requirements are procedural and not
> jurisdictional, an assumption supported by the fact that other requirements for qui
> tam claims under the FCA are explicitly jurisdictional.  *See Graham County Soil and
> Water Conservation Dist. v. United States ex rel. Wilson*, 130 S.Ct. 1396, 1401-02
> (2010) (noting that 31 U.S.C. § 3730(e)(4)(A) provides that "[n]o court shall have
> jurisdiction over an action" based on certain previously publicly disclosed
> allegations or transactions); *Russello v. United States*, 464 U.S. 16, 23 (1983)
> ("[W]here Congress includes particular language in one section of a statute but omits
> it in another section of the same Act, it is generally presumed that Congress acts
> intentionally and purposely in the disparate inclusion or exclusion.").[48/]

This same logic is persuasive here.[49/]  "[T]o ask what conduct [a statute] prohibits . . . is a merits

---

[47/][Doc. 66.]

[48/]*Summers, 623 F.3d at 290 n.2.*

[49/]Moreover, if failure to comply with the act's seal requirement did deprive a court of subject matter jurisdiction
over the relator (a somewhat nonsensical position), the Sixth Circuit's decision to affirm would have had to be on that
basis, and not for failure to state a claim upon which relief may be granted.  That is, if the Sixth Circuit affirmed *Summers*
on Rule 12(b)(6) when, in fact, it lacked subject matter jurisdiction, then *Summers* would be an advisory opinion because
it lacked jurisdiction to issue the opinion in the first place.  Thus, while the Sixth Circuit may not have found this issue
necessary to its analysis in *Summers*, it effectively answered the question in a case where the question is a necessary to

-11-

Case No. 1:10-CV-127
Gwin, J.

question.  Subject-matter jurisdiction, by contrast, refers to a tribunal's power to hear a case."[50]

Here, as Omnicare concedes, the United States cannot be dismissed with prejudice from the suit.[51]

### I11.

Omnicare cannot have it both ways.  It cannot say that it knew that Gale committed disqualifying conduct nearly three years ago, but decided for unstated reasons not to bring this motion until now.  More likely, Omnicare did not actually know about this lawsuit in 2010, and made this motion as soon as it could connect the dots.  But, of course, if Omnicare and its employees did not know about this lawsuit while it was under seal, then Gale did not break his seal, and Omnicare cannot bring this motion at all.  For these reasons, the Court DENIES Omnicare's purported motion.

IT IS SO ORDERED.

Dated: June 7, 2013

s/         *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

decide the case: Any motion to disqualify a relator is a Rule 12(b)(6) issue.

[50]/*Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010) (quotation marks, further citation omitted).

[51]/[Doc. 66.]