```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
-------------------------------------------------------

UNITED STATES OF AMERICA ex rel.
DONALD GALE, relator

        Plaintiff,

v.

OMNICARE, INC.,

        Defendant.

CASE NO.  1:10-cv-127

OPINION & ORDER
[Resolving Doc. 87.]

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this *qui tam* action, Relator Donald Gale, on behalf of the United States, says that Defendant Omnicare, Inc. gave nursing homes discounts on Medicare Part A services in exchange for referrals of other patients with reimbursable drug costs.[1]  Gale says that these discounts are kickbacks in violation of the Medicare Anti-Kickback Statute[2] and render the Medicare Part A reimbursements fraudulent.[3]  On behalf of the United States, he sues under the False Claims Act.

Omnicare moved "to Disqualify Donald Gale as a Relator" saying that Gale violated procedural requirements of the False Claims Act by mentioning this lawsuit to his wife and two former Omnicare colleagues before the Court lifted the seal on the complaint.[4]  The Court denied Omnicare's motion.[5]  Omnicare now seeks interlocutory appeal of the decision not to disqualify

---

[1] [Doc. 1 at 8.]

[2] 42 U.S.C. § 1320a-7b(a)(3)

[3] [Doc. 1 at 8-10.]

[4] [Docs. 66, 66-1.]

[5] [Doc. 81.]

Case No. 1:10-CV-127
Gwin, J.

Gale as relator.  It says that a controlling legal question should be resolved before proceding to summary judgment.  In seeking to stop this case, Omnicare seeks the Sixth Circuit's opinion on whether "the reasoning of the Sixth Circuit's opinion in *United States ex rel. Summers v. LHC Group, Inc.*, 623 F.3d 287 (6thCir. 2010), appl[ies] to this case?"[6]  But because factual issues committed to this Court's determination limit *Summers*'s applicability to the facts of this case, the Court **DENIES** Omnicare's motion.

### I.

In earlier Opinions and Orders, the Court summarized the allegations of Gale's complaint. Omnicare supplies prescription drugs to long-term healthcare facilities, including many Medicare-certified Skilled Nursing Facilities ("SNFs").[7]  Gale worked for Omnicare from 1994 until 2010 as a consulting pharmacist, director, director of operations, vice president of operations, and general manager of Omnicare's Wadsworth, Ohio, pharmacy.[8]

Gale's complaint targets Omnicare's practices surrounding Medicare Part A, which provides prescription drug coverage for patients in SNFs.  Generally, under Part A, the Government reimburses SNFs a fixed fee per patient, per day (a per diem) based on the patient's condition for the patient's overall care.[9]  In turn, SNFs pay Omnicare a per diem, based on the patient's condition, for any prescription drugs or supplies that the patient needs.[10]  Thus, if a SNF can minimize per

---

[6] [Doc. 87.]

[7] [Doc. 1 at 1, 6.]

[8] [Doc. 1 at 1.]

[9] [Doc. 1 at 6.]

[10] [Doc. 1 at 6.]

Case No. 1:10-CV-127
Gwin, J.

diem drug costs for a Part A patient, it will reap the greatest profit from the Part A reimbursement.[11/] Gale says that Omnicare offered a number of kickbacks, including discounts and below-cost per diem pricing, to some SNFs on their Part A patients in return for referrals of other patients that Omnicare could bill against other public insurance programs.[12/] Gale says that these discounts are remuneration in exchange for the referral of customers and thus violate the Medicare Anti-Kickback Statute.[13/] He says that all of the Part A reimbursements involved this fraud.[14/]

Gale sues under the False Claims Act.[15/] Generally, the False Claims Act says that anyone who makes a fraudulent claim for payment against the Government is liable for a civil penalty plus three times the amount of damages sustained by the Government.[16/] A private party, or relator, may bring a *qui tam* suit on behalf of the Government by filing the complaint under seal, giving the Government an opportunity to prosecute the suit and may prosecute the case themselves if the Government declines to do so.[17/] In exchange, the relator is entitled to a percentage of any penalty or settlement obtained from the lawsuit.[18/] When a relator files suit under the False Claims Act, the relator must do so under seal and serve it only on the Government so that the Government has an opportunity to decide whether it will pursue the prosecution itself before the Defendant learns of the

---

[11/] [Doc. 1 at 6.]

[12/] [Doc. 1 at 8.]

[13/] [Doc. 1 at 9-10.]

[14/] [Doc. 1 at 9-10.]

[15/] 31 U.S.C. § 3729 *et seq*.

[16/] 31 U.S.C. § 3729(a)(1)(G).

[17/] 31 U.S.C. § 3730(b)-(d).

[18/] 31 U.S.C. § 3730 *et seq*.

Case No. 1:10-CV-127
Gwin, J.

lawsuit.[19/]

On January 19, 2010, Gale filed a sealed complaint under the False Claims Act and served it on the United States.[20/] With the complaint, he made seven claims.[21/] On April 4, 2011, the United States notified the Court of its intention not to intervene, and the Court unsealed the complaint.[22/]

On May 14, 2013, Omnicare filed a self-styled "Motion to Disqualify Donald Gale as a Relator."[23/] With the motion, Omnicare said that the False Claims Act requires the relator not disclose the existence of the lawsuit to anyone except the government while the suit remains under seal.[24/] Omnicare said that Gale violated this seal by disclosing the lawsuit to his wife, and to Jeffrey Carty and Chris Glasser, both former Omnicare colleagues.[25/] Gale generally denies making such disclosures, but said that even the comments that Omnicare alleges were still in compliance with the act.[26/] He also says that Omnicare's motion was untimely because any failure to comply with the act's seal requirements is not jurisdictional.

On June 7, 2013, the Court denied Omnicare's motion for two reasons. First, the Court found that Gale's purported actions did not violate the requirements of the False Claims Act because

---

[19/]*See* U.S. ex rel. Summers v. LHC Grp., Inc., 623 F.3d 287, 297 (6th Cir. 2010).

[20/][Doc. 1.]

[21/][Doc. 1.]

[22/][Docs. 8, 12.]

[23/][Doc. 66.]

[24/][Doc. 66-1 at 1.]

[25/][Doc. 66-1 at 2-3.]

[26/][Doc. 78.]

Case No. 1:10-CV-127
Gwin, J.

he filed his complaint *in camera* and did not publicly disclose the material evidence or allegations contained therein.  Second, the Court determined that Omnicare's unreasonable delay in bringing this motion waived its arguments.  Omnicare now moves to certify this decision for interlocutory appeal of this decision.[27]  Gale opposes the motion.[28]

## II.

United States Code, title 28, section 1292(b) provides for interlocutory appeal of non-final orders from a district court:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.[29]

That is, the party seeking interlocutory appeal must show that "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation."[30]  Interlocutory appeal " is granted sparingly and only in exceptional cases."[31]  And the determination of whether to grant such an appeal is committed to this Court's discretion.[32]

## III.

Here, Omnicare fails to meet all three requirements for interlocutory appeal.  First, the

---

[27] [Doc. 87.]

[28] [Doc. 89.]

[29] 28 U.S.C. § 1292(b).

[30] *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

[31] *Id.*

[32] *Id.*

Case No. 1:10-CV-127
Gwin, J.

question that this Court decided was factual: Did Gale reveal to Omnicare that he had filed this lawsuit while it was still under seal? And, moreover, this question of law is not controlling: The United States could continue to prosecute this lawsuit even if Gale could no longer prosecute it as relator. Second, the only disagreement to which Omnicare points is its own. Omnicare cites no authority holding that passing, general references to a lawsuit breaches the relator's seal. Finally, Omnicare does not show that resolving this question would advance the ultimate termination of this litigation because, again, the United States remains the ultimate party in interest in this litigation, and could continue to prosecute this lawsuit without Gale.

This Court's order denying Omnicare's motion to dismiss Gale as relator determined that Omnicare's version(s) of the facts do(es) not add up. The Court agrees with Omnicare that "*Summers* held that a breach of the procedural requirement to file and keep a False Claims Act ("FCA") lawsuit under seal *per se* disqualifies the breaching from relator from proceeding with the lawsuit."[33] And, so, the question becomes: Did Gale comply with the procedural requirements of the act? Omnicare says that he did not. It claims he disclosed the lawsuit to his wife and two Omnicare colleagues.

The act's sealing requirement attempts to keep the potential defendant in the dark until the case is unsealed. If Gale had failed to comply with sealing requirement, then Omnicare would have known about this lawsuit in 2010—when Omnicare says that Gale made these disclosures. Accordingly, a factual question was disputed: When did Omnicare learn of this lawsuit? In its order denying Omnicare's motion, the Court reasoned:

Omnicare cannot have it both ways. It cannot say that it knew that Gale committed

---

[33] [Doc. 87-1 at 2.]

-6-

Case No. 1:10-CV-127
Gwin, J.

> disqualifying conduct nearly three years ago, but decided for unstated reasons not to bring this motion until now. More likely, Omnicare did not actually know about this lawsuit in 2010, and made this motion as soon as it could connect the dots. But, of course, if Omnicare and its employees did not know about this lawsuit while it was under seal, then Gale did not break his seal, and Omnicare cannot bring this motion at all.[34]

Thus, the Court found that, most likely, Omnicare did not learn of this lawsuit until the complaint was unsealed, but that if it did learn earlier, it still could not now make this motion.

Omnicare's attempt to manufacture a controlling question of law borders on the absurd. Omnicare says,

> [k]ey to the Court's decision was a factual misperception that Omnicare itself—as opposed to two of its employees and Mr. Gale's wife (also a former Omnicare employee)—had learned of Mr. Gale's disclosures as early as 2010. In setting up that erroneous factual premise, the Court quoted Omnicare's opening brief as, "Mr. Gale disclosed to Omnicare the existence and nature of his suit against Omnicare during 2010." The quote is accurate, but it does not tell a complete story. The reference to "Omnicare" in "disclosed to Omnicare" is merely a shorthand for the three different individuals—all current or former Omnicare employees—to whom Mr. Gale disclosed his lawsuit and its substance.[35]

Aside from acknowledging that this Court's opinion rested on a factual determination, Omnicare conveniently forgets elementary principles of agency law and corporate law. To refresh, "[a] notification given to an agent is effective as notice to the principal if the agent has actual or apparent authority to receive the notification."[36] Accordingly, "[i]t is well settled that if an officer or agent of a corporation acquires or possesses knowledge in the course of her employment as to matters that are within the scope of her authority, this knowledge is imputed to the corporation."[37] Thus, the

---

[34] Omnicare repeatedly selectively quotes this passage. [Docs. 87-1 at 8; 91 at 3.] In each case, however, Omnicare overlooks what the Court actually said: "Omnicare cannot have it both ways."

[35] [Doc. 87-1 at 7 (citations omitted).]

[36] Restatement (Third) Of Agency § 5.02.

[37] 1 James D. Cox and & Thomas Lee Hazen, Treatise on the Law of Corporations § 8:15 (3d).

-7-

Case No. 1:10-CV-127
Gwin, J.

Court reiterates its previous holding. If Gale breached his seal, then Omnicare would have known of the existence of this lawsuit during the seal period. But Omnicare likely did not know of this lawsuit during that period. And, if it did, then Omnicare's delay in bringing this motion waived any argument for disqualifying Gale.

Second, no substantial ground for difference of opinion exists on the underlying legal issues. This Court followed the law of this circuit on the remedy when a relator breaches his seal, and the law of every circuit to have considered the issue of what constitutes a breach of seal in a *qui tam* action. As the Court earlier explained,

> [w]hile *Summers* spoke to the remedy when a relator breaches the seal (dismissal as relator), it did not consider the extent of the seal—it did not have to as the plaintiff in *Summers* failed to file under seal at all. The Fourth and Ninth Circuits, however, have considered this issue. The Fourth Circuit said that "the seal provisions limit the relator only from publicly discussing the filing of the *qui tam* complaint. Nothing in the FCA prevents the qui tam relator from disclosing the existence of the fraud."[38/] And the Ninth Circuit interpreted the public disclosure aspect of the seal to forbid a relator from "making statements to the *Los Angeles Times* about the existence and nature of her *qui tam* suit."[39/] The legislative history likewise reflects that Congress adopted the seal provision "in response to Justice Department concerns that *qui tam* complaints filed in open court might tip off targets of ongoing criminal investigations."[40/] The Court agrees with these interpretations and holds that the False Claims Act's seal requirements prevent the relator from publicly discussing the filing of the *qui tam* complaint, but not the nature and existence of the fraud.

This distinction seems lost on Omnicare, and, so for clarity, the Court reiterates it again: *Summers* did not address what it means to break the seal of a *qui tam* action, but every circuit to address the

---

[38/] *Am. Civil Liberties Union v. Holder*, 673 F.3d 245, 254 (4th Cir. 2011). The Fourth Circuit also analyzed the myriad constitutional concerns raised by an overly-broad interpretation of this restrain on speech.

[39/] *United States ex rel Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 244 (9th Cir.1995).

[40/] S. Rep. No. 99-345, at 16, (1986). *Summers* emphasized the importance of the legislative history of the 1986 amendments to the False Claims Act in understanding the seal provision. *See Summers*, 623 F.3d at 297.

Case No. 1:10-CV-127
Gwin, J.

issue has reached the same conclusion. Breaching the seal involves public discussion of the filing of the complaint. Omnicare cites neither language from *Summers* nor circuit authority to the contrary. And, thus, there is no substantial room for debate on this point.

Finally, interlocutory appeal is unlikely to materially advance the ultimate termination of this litigation. Omnicare argues that because it will win on interlocutory appeal, it can save considerable discovery expenses by appealing this issue now.[41] Needless to say, every defendant seeking interlocutory appeal of a motion to dismiss hopes to prevail and save on discovery expenses. But Omnicare's motion to dismiss is not even a motion to dismiss—it is a motion to dismiss Gale as relator. Although the United States initially declined to prosecute this action, the Government remains the true party in interest. And even if Gale is dismissed as relator, the United States could continue to prosecute this lawsuit, and could now do so with the benefit of Mr. Gale's work to this point. Accordingly, Omnicare's concern for its expenses weighs even less heavily here than in a typical motion to dismiss (And, of course, had Omnicare really been concerned about economizing on discovery, it would have brought this motion when it says that it first learned of Gale's disqualifying conduct—in 2010.).

## IV.

Omnicare again seeks to have it both ways: It says that it knew of this lawsuit before the complaint was unsealed, and that it brought its motion to disqualify Gale as soon as it learned of his disqualifying conduct. But, as this Court has already explained, Omnicare cannot have it both ways. Either it did not know of this lawsuit while it was still under seal or it waited nearly three years to bring a motion based on this knowledge. In the former case, Gale did not breach his seal, and in the

---

[41] [Doc. 91 at 6-7.]

Case No. 1:10-CV-127
Gwin, J.

latter case Omnicare waived its opportunity to bring this motion.

The issues are factual. There is no substantial grounds for a difference of opinion. And the Sixth Circuit's opinion in this regard would do little to advance the material interests at stake in this litigation. Therefore, the Court **DENIES** Omnicare's motion.

IT IS SO ORDERED.


Dated: July 8, 2013                                  s/        *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE