UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA ex rel. :
DONALD GALE, Relator :
: CASE NO. 1:10-cv-127
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. 90.]
OMNICARE, INC., :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this *qui tam* action, Defendant Omnicare, Inc, seeks a judicially-sanctioned protective order permitting it to shield drug-cost information from public disclosure on this Court's docket.[1] Omnicare says that disclosure of its purchasing data and negotiated prices would cause it competitive or commercial injury.[2] Because these judicial proceedings are presumptively open to the public, and because the interests that Omnicare cites do not overcome this presumption, the Court DENIES Omnicare's motion.

The Court has already granted a Protective Order in this case to prevent public disclosure of "individually identifiable health information."[3] In spite of this Court's intentionally narrow order, Omnicare now seeks broader authority to cloak in secrecy documents that it marks "Highly Confidential."[4] Omnicare says that "[a]t this point, there are only two categories of information for

---

[1] [Doc. 90.]

[2] [Doc. 90 at 3.]

[3] [Doc. 61.]

[4] [Doc. 90-3.]

Case No. 1:10-CV-127
Gwin, J.

which Omnicare seeks a 'Highly Confidential' designation under the Protective Order: (1) data in Omnicare's purchasing database that reflects the costs to Omnicare of each individual drug it purchased; and (2) documents reflecting discounts or rebates Omnicare received from drug suppliers for individual drugs."[5]

Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings."[6] Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity.[7] Thus, in the Sixth Circuit, courts approach protective order motions with a presumption in favor of public access to judicial records.[8]

This Court has already confronted this issue in response to Relator's Motion to Seal.[9] As the Court there explained, our justice is public. The language of Rule 26 is permissive, not compulsory. And the False Claims Act, under which the Relator brings this suit sets a heavy

---

[5] [Doc. 90 at 7.]

[6] *See* *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

[7] *See Brown & Williamson*, 710 F.2d at 1179; *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party").

[8] *See, e.g., In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997) (Moore, J., concurring in part and dissenting in part).

[9] [Doc. 80.]

-2-

Case No. 1:10-CV-127
Gwin, J.

presumption in favor of public disclosure. To initiate a False Claims Act lawsuit, the relator must serve

> [a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses . . . on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders.[10]

After the seal period expires, the Court unseals the docket and makes it publicly available.[11] Congress developed this procedure "to balance the needs of law enforcement with the private-law-enforcement nature of the *qui tam* provisions—a specific balance not at issue in other statutes."[12] Thus, here, more so than in other statutes, the presumption in favor of public disclosure is high after the seal has been lifted. And, since the *qui tam* actions typically involve commercial transactions, Congress presumably had commercial information in mind when it reached this balance of interests.

That Gale does not oppose the proposed order does not overcome this presumption.[13]

Nor does the circuit authority that Omnicare cites—it is largely inapposite to this case.[14] Those cases, *The Courier Journal v. Marshall* and *Marshall v. Bramer* concerned "a black couple

---

[10] 31 U.S.C. § 3730(b)(2). The Government may move for extensions of the seal for good cause. 31 U.S.C. § 3730(b)(2).

[11] *United States ex rel. Summers v. LHC Grp., Inc.*, 623 F.3d 287, 297 (6th Cir. 2010).

[12] *Id.* at 293.

[13] *See Proctor & Gamble Co.*, 78 F.3d at 227 (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against "turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

[14] [Doc. 90 at 2] Omnicare quotes *The Courier Journal v. Marshall* for the proposition that "documents produced during discovery are not 'presumptively public records.'" 828 F.2d 361, 367 (6th Cir. 1987)). It then quotes *Courier Journal*'s companion case, *Marshall v. Bramer* for the proposition that "[t]he discovery process is generally private." 828 F.2d 355, 360 (6th Cir. 1987).

Case No. 1:10-CV-127
Gwin, J.

whose home was twice firebombed," they believed by the Ku Klux Klan, "after they moved into the exclusively white community of Sylvania, in Jefferson County, Kentucky."[15] The Marshalls subpoenaed KKK membership lists from a known member who, in turn, sought to prevent the public disclosure of this information and obtained a protective order.

In *Courier Journal*, a newspaper, sought to vacate the protective order. On mandamus review, the Sixth Circuit determined that the associational rights of KKK members and their right to remain anonymous outweighed the newspaper's right to obtain and publish the list.[16] Thus, to the extent that *Courier Journal* was a case about competing First Amendment concerns, Omnicare's concern that it may suffer financial harm is not on the same plane. And to the extent that *Courier-Journal* concerned the rights of non-parties to remain anonymous, this Court has already entered a protective order forbidding the identification of such individuals on the public docket.[17]

In *Bramer* the KKK member appealed the district court's contempt order for failure to produce the membership lists.[18] Again, First Amendment concerns drove the Court's reasoning:

> Individuals named would presumably be deposed, but unless they were subsequently named as parties or called as witnesses, there would be no reason for any public disclosure of their affiliation. In the absence of evidence that the court's second protective order will be as ineffectual as the first, the risk of public disclosure is minimal, and the threat to first amendment rights is inconsequential.[19]

And, again, no Constitutional concern weighs so heavily here. Omnicare identifies only commercial interests, and, accordingly, the judicial presumption in favor of open proceedings and the additional

---

[15] 828 F.2d at 362.

[16] 828 F.2d at 366.

[17] [Doc. 61.]

[18] 828 F.2d at 356.

[19] *Id.* at 360.

Case No. 1:10-CV-127
Gwin, J.

presumption of the False Claims Act control here.

Neither circuit authority nor Omnicare's concern for its commercial information compel this Court to exercise its discretion to grant a protective order. And the Congressionally-imposed presumptions of the False Claims Act weigh against the exercise of such discretion. For these reasons, the Court DENIES Omnicare's motion for a protective order.

IT IS SO ORDERED.


Dated: July 12, 2013              s/      *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE