# EXHIBIT F

## SETTLEMENT AGREEMENT

### I. PARTIES

This Settlement Agreement ("Agreement") is entered into among:  the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS") (collectively, the "United States"); Omnicare, Inc. ("Omnicare"); and Adam B. Resnick ("Resnick"), David M. Kammerer ("Kammerer"), Deborah Maguire ("Maguire"), and Bernard Lisitza ("Lisitza") (each of whom is a "Relator" and all of whom together are referred to herein as the "Relators").  Collectively, the United States, Omnicare, and the Relators are referred to herein as the "Parties."

### II. PREAMBLE

As a preamble to this Agreement, the Parties agree to the following:

A.      Omnicare is a Delaware corporation, headquartered in Covington, Kentucky, that specializes in providing pharmacy services to long term care facilities.

B.      Omnicare is a defendant in the following five administratively consolidated cases (the "Civil Actions") filed under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-3733:

1.      An action filed by Resnick under the caption *United States ex rel. Adam B. Resnick v. Omnicare, Inc., National Senior Care, Inc., SavaSenior HealthCare, Inc., and Rubin Schron*, Civil Action No. 06-10149-RGS (D. Mass.), in which the United States has intervened and filed a complaint under the caption *United States ex rel. Adam B. Resnick v. Omnicare, Inc.,*

*Rubin Schron, Leonard Grunstein, Murray Forman, Mariner Health Care, Inc., and SavaSeniorCare Administrative Services, LLC* (jointly, the "*Resnick Action*");

2. *United States ex rel. David M. Kammerer v. Omnicare, Inc., Abbott Laboratories, Alza Corporation, AstraZeneca Pharmaceuticals, Barr Pharmaceuticals, Bayer Corporation, Eli Lilly & Company, GlaxoSmithKline, Hoffman-LaRoche, Inc., Johnson & Johnson, Merck & Co., Inc., Novartis Corporation, Novo Nordisk, Inc., Pharmacia Corp., Pfizer, Inc., and Wyeth-Ayerst*, Civil Action No. 05-11518-RGS (D. Mass.) ("*Kammerer I*");

3. An action filed by Kammerer under the caption *United States ex rel. David M. Kammerer v. Omnicare, Inc., IVAX Pharmaceuticals, PurePac Pharmaceutical Co., SANDOZ Inc., and Watson Pharma, Inc.*, Civil Action No. 05-11519-RGS (D. Mass.), in which the United States has intervened and filed a complaint under the caption *United States ex rel. David M. Kammerer v. Omnicare, Inc. and IVAX Pharmaceuticals, Inc.* (jointly, "*Kammerer II*");

4. *United States ex rel. Deborah Maguire v. Omnicare, Inc.*, Civil Action No. 02-11436-RGS (D. Mass.) (the "*Maguire Action*"); and

5. *United States ex rel. Bernard Lisitza v. TAP Pharmaceutical Products, Inc. and Omnicare, Inc.*, Civil Action No. 07-10026-RGS (D. Mass.) (the "*Lisitza Action*").

C. Resnick is a resident of Illinois. Resnick filed his complaint in the *Resnick Action* on January 24, 2006. On December 12, 2008, the United States intervened against Omnicare, SavaSeniorCare Administrative Services, LLC ("Sava"), and Rubin Schron, as well as against three additional defendants not named in Resnick's complaint: Mariner Health Care, Inc. ("Mariner"), Leonard Grunstein, and Murray Forman.

    D.      Kammerer is a resident of Ohio.  On or about April 20, 2005, Kammerer filed *Kammerer I* and *Kammerer II* in the United States District Court for the Southern District of Illinois.  Both actions were transferred to the United States District Court for the District of Massachusetts in July 2005.  On December 12, 2008, the United States intervened in *Kammerer II* as to Omnicare and one other defendant, IVAX Pharmaceuticals, Inc. ("IVAX").

    E.      Maguire is a resident of Florida.  Maguire filed her *qui tam* complaint in the *Maguire Action* on July 16, 2002.

    F.      Lisitza is a resident of Illinois.  Lisitza filed his *qui tam* complaint in the *Lisitza Action* on October 27, 2003, in the United States District Court for the Northern District of Illinois.  The *Lisitza Action* was transferred to the United States District Court for the District of Massachusetts on or about January 8, 2007.

    G.      The United States contends that Omnicare submitted or caused to be submitted claims for payment to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395hhh ("Medicare"), and the Medicaid Program, 42 U.S.C. §§ 1396-1396v ("Medicaid").

    H.      Omnicare has entered into or will be entering into separate settlement agreements (hereinafter referred to as the "Medicaid State Settlement Agreements") with certain states and the District of Columbia (hereinafter referred to as the "Medicaid Participating States") that will be receiving settlement funds from Omnicare pursuant to Paragraph III.A below.

    I.      The United States contends that it has certain civil claims, as specified in Paragraph III.B below, against Omnicare for engaging in the following conduct (hereinafter referred to as the "Covered Conduct"):

1.      From December 2004 through December 2006, Omnicare knowingly submitted, or caused to be submitted, drug reimbursement claims to Medicaid and Medicare that were false or fraudulent because they resulted from a $50 million payment that Omnicare paid to nursing home chains Mariner and Sava in violation of the federal anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(2) (the "Anti-Kickback Statute").  On December 10, 2004, in exchange for the payment, Mariner and Sava entered into 15-year contracts pursuant to which Mariner and Sava agreed to refer their nursing home patients to Omnicare for the patients' drug purchases, including drug purchases covered by Medicaid and Medicare.

2.      From January 2000 through June 2004, Omnicare knowingly submitted, or caused to be submitted, drug reimbursement claims to Medicaid that were false or fraudulent because they resulted from $8 million in payments that Omnicare solicited and received from IVAX in violation of the Anti-Kickback Statute.  The purpose of the payments was to induce Omnicare to purchase $50 million in generic drugs from IVAX and to recommend that physicians prescribe those drugs for their nursing home patients, including patients covered by Medicaid.

3.      From September 1, 2005 through September 1, 2008, Omnicare knowingly submitted, or caused to be submitted, drug reimbursement claims to Medicaid and Medicare that were false or fraudulent because they resulted from remuneration that Omnicare provided to nursing homes in the form of consultant pharmacist services at rates below Omnicare's cost of providing the services and below fair market value (as that term is used in 42 C.F.R. § 1001.952), in violation of the Anti-Kickback Statute.  An HHS regulation, 42 C.F.R. § 483.60(c), requires that, in each nursing home, "[t]he drug regimen of each resident must be

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

reviewed at least once a month by a licensed pharmacist [known as a 'consultant pharmacist']."
In order to induce nursing homes to enter into contracts with Omnicare to use Omnicare's
dispensing pharmacist services and to purchase drugs from Omnicare, Omnicare offered, and
nursing homes accepted, consultant pharmacist services at rates below Omnicare's cost of
providing the services and below fair market value. Omnicare and nursing homes then entered
into separate consultant pharmacist services contracts. As reaffirmed by the Office of the
Inspector General in its Supplemental Compliance Program Guidance for Nursing Facilities, 73
Fed. Reg. 56832 (Sept. 30, 2008), those consultant pharmacist services contracts between
Omnicare and nursing homes implicated the Anti-Kickback Statute because, *inter alia*, they
involved the provision of services at below cost and/or below fair market value.

        4.      From January 1999 through December 2004, Omnicare knowingly
submitted, or caused to be submitted, false or fraudulent claims to Medicaid for Risperdal, an
antipsychotic drug. The claims were false or fraudulent because they resulted from payments
that Omnicare solicited and received from Risperdal's manufacturer, Johnson & Johnson, from
1999 through 2004, in violation of the Anti-Kickback Statute. The payments included: (a)
quarterly rebate payments on Omnicare's purchases of Risperdal under rebate agreements
executed in April 1997 and March 2000 where the rebate agreements conditioned payment of the
rebates upon Omnicare engaging in an "active intervention program" to convince physicians to
prescribe Risperdal and requiring that all competitive anti-psychotic products be "Prior
Authorized for Risperdal failure," and where Omnicare failed to disclose to physicians that such
intervention activities were a condition of it receiving such rebate payments; and (b) payments
ostensibly for the purpose of purchasing prescribing data from Omnicare, making educational

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

grants, and sponsoring and attending Omnicare meetings, when in fact one purpose of the payments was to induce Omnicare to recommend that physicians prescribe Risperdal to their nursing home patients, including patients covered by Medicaid.

J.     The United States also contends that it has certain administrative claims against Omnicare, as specified in Paragraphs III.B and D below, for engaging in the Covered Conduct.

K.     This Agreement is neither an admission of facts or liability by Omnicare nor a concession by the Government that its claims are not well-founded. Omnicare denies the contentions of the United States and the Relators as set forth herein and in the Civil Actions and further denies any liability or wrongdoing related to those contentions.

L.     Relators claim entitlement under 31 U.S.C. § 3730(d) to shares of the proceeds of this Agreement, but Relators and the United States have not agreed on the entitlement or amount of those awards, if any.

M.     To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, the Parties reach a full and final settlement pursuant to the Terms and Conditions below.

## III. TERMS AND CONDITIONS

A.     Omnicare agrees to pay to the United States and the Medicaid Participating States, collectively, the sum of ninety-eight million dollars ($98,000,000), plus interest accrued thereon at a rate of 3.25% per annum from June 24, 2009, and continuing until and including the day before complete payment is made (the "Settlement Amount"). Omnicare further agrees to pay the Relators the amounts set forth below for their respective attorney's fees and costs. The foregoing payments shall be made as follows:

1.     Omnicare shall pay to the United States the sum of sixty-one million fifty thousand nine hundred forty dollars ($61,050,940), plus interest accrued thereon at a rate of 3.25% per annum ($5,436 per day) from June 24, 2009, and continuing until and including the day before complete payment is made (the "Federal Settlement Amount"). Omnicare agrees to pay the Federal Settlement Amount to the United States by electronic funds transfer pursuant to written instructions agreed to by the United States and Omnicare. Omnicare agrees to make this electronic funds transfer no later than seven business days after the Effective Date of this Agreement.

2.     Omnicare shall pay to the Medicaid Participating States the sum of thirty-six million nine hundred forty-nine thousand sixty dollars ($36,949,060), plus interest accrued thereon at a rate of 3.25% per annum ($3,290 per day) from June 24, 2009, continuing until and including the day before complete payment is made (the "Medicaid State Settlement Amount"), under the terms and conditions of the Medicaid State Settlement Agreements. This Medicaid State Settlement Amount shall be paid by electronic funds transfer pursuant to written payment instructions from the National Association of Medicaid Fraud Control Units ("NAMFCU") negotiating team for the Medicaid Participating States.

3.     Relators' Attorney's Fees and Costs.

a.     Omnicare agrees to pay $342,500 of Kammerer's attorney's fees and costs incurred in connection with *Kammerer I* and *Kammerer II* to Kammerer's counsel by electronic funds transfer pursuant to written instructions agreed to by Omnicare and Kammerer. Omnicare agrees to make the electronic funds transfer no later than seven business days after the

Effective Date of this Agreement. No additional attorney's fees or costs shall be paid or claimed by Kammerer as part of the Medicaid State Settlement Agreements.

                    b.        Omnicare agrees to pay $155,000 of Maguire's attorney's fees and costs incurred in connection with the *Maguire Action* to Maguire's counsel by electronic funds transfer pursuant to written instructions agreed to by Omnicare and Maguire. Omnicare agrees to make the electronic funds transfer no later than seven business days after the Effective Date of this Agreement. No additional attorney's fees or costs shall be paid or claimed by Maguire as part of the Medicaid State Settlement Agreements.

     B.     Subject to the exceptions in Paragraphs D and E below, in consideration of the obligations of Omnicare in this Agreement, and conditioned upon Omnicare's full payment of the Settlement Amount, the United States (on behalf of itself, its officers, agents, agencies, and departments) agrees to release Omnicare, its affiliates, divisions and subsidiaries, from any civil or administrative monetary claim the United States has or may have for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-33, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-12, and/or the common law theories of payment by mistake, unjust enrichment, and fraud. The United States does not agree to release individuals from claims it has or may have for the Covered Conduct, except that, if any present or former Omnicare officers, directors, or employees are legally entitled to repayment, or advancement of expenses, from Omnicare, for indemnification, contribution, reimbursement or otherwise as a result of a claim brought by the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-33, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-12, and/or the

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

common law theories of payment by mistake, unjust enrichment, and fraud, the releases provided in this Paragraph shall apply to such individuals with respect to that claim.

      C.      In consideration of the obligations of Omnicare in this Agreement, and conditioned upon Omnicare's full payment of the Settlement Amount, the Relators, for themselves and for their heirs, successors, attorneys, agents, and assigns, agree to release Omnicare, its affiliates, divisions and subsidiaries, and their current and former officers, directors and employees, individually and collectively, from any claims or allegations that the Relators asserted or could have asserted based on the Covered Conduct in the Civil Actions. Conditioned upon receipt of payment for attorney's fees and costs in the amounts set forth in Paragraph III.A.3, Kammerer and Maguire, for themselves and for their heirs, successors, attorneys, agents, and assigns, agree to release Omnicare, its affiliates, divisions and subsidiaries, and their current and former officers, directors and employees, individually and collectively, from any claims they might assert under 31 U.S.C. § 3730(d), for expenses, attorney's fees, and costs incurred in connection with the Civil Actions. This Agreement does not resolve any claims Resnick or Lisitza may assert under 31 U.S.C. § 3730(d) for expenses, attorneys' fees, and costs.

      D.      In consideration of the obligations of Omnicare in this Agreement and the Amended and Restated Corporate Integrity Agreement entered into between OIG-HHS and Omnicare (the "CIA"), and conditioned upon Omnicare's full payment of the Settlement Amount, OIG-HHS agrees to release and refrain from instituting, directing, or maintaining any administrative action seeking exclusion from Medicare, Medicaid, and other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)), against Omnicare, its affiliates, divisions and subsidiaries, under 42 U.S.C. § 1320a-7a (Civil Monetary Penalties Law) or 42 U.S.C. § 1320a-

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

7(b)(7) (permissive exclusion for fraud, kickbacks, and other prohibited activities) for the

Covered Conduct, except as reserved in Paragraph E below (concerning excluded claims), and as

reserved in this Paragraph. OIG-HHS expressly reserves all rights to comply with any statutory

obligations to exclude Omnicare from Medicare, Medicaid, and other Federal health care

programs under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) based upon the Covered Conduct.

Nothing in this Paragraph precludes OIG-HHS from taking action against entities or persons, or

for conduct and practices, for which claims have been reserved in Paragraph E below.

     E.     Notwithstanding any term of this Agreement, specifically reserved and excluded

from the scope and terms of this Agreement as to any entity or person (including Omnicare and

each Relator) are the following claims of the United States:

     1.     Any civil, criminal, or administrative liability arising under Title 26,
United States Code (Internal Revenue Code);

     2.     Any criminal liability;

     3.     Except as explicitly stated in this Agreement, any administrative liability,
including mandatory exclusion from Federal health care programs;

     4.     Any liability to the United States (or its agencies) for any conduct other
than the Covered Conduct;

     5.     Any liability based upon such obligations as are created by this
Agreement;

     6.     Any liability for express or implied warranty claims or other claims for
defective or deficient products or services, including quality of goods and services;

     7.     Any liability for failure to deliver goods or services due; and

8. Any liability of individuals, including directors, officers and employees, except as provided in Paragraph III.B above.

F. Each Relator and his/her heirs, successors, attorneys, agents, and assigns agree not to object to this Agreement and agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). In connection with this Agreement and the Civil Action, Relators and their heirs, successors, attorneys, agents, and assigns agree that neither this Agreement, the intervention by the United States in the Civil Actions, nor any dismissal of the Civil Actions, shall waive or otherwise affect the ability of the United States to contend that provisions in the False Claims Act, including 31 U.S.C. §§ 3730(d)(3) and 3730(e), bar Relators from sharing in the proceeds of this Agreement. Moreover, the United States and Relators and their heirs, successors, attorneys, agents, and assigns agree that they each retain all of their rights pursuant to the False Claims Act on the issue of the percentages, if any, that Relators should receive of any proceeds of the settlement of their claims.

G. Omnicare waives and shall not assert any defenses Omnicare may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

H.      Omnicare, on behalf of itself and its predecessors, their current and former

parents, affiliates, divisions, subsidiaries, successors and assigns, fully and finally releases the

United States, its agencies, employees, servants, and agents from any claims (including for

attorney's fees, costs, and expenses of every kind and however denominated) that Omnicare has

asserted, could have asserted, or may assert in the future against the United States, its agencies,

employees, servants, and/or agents, related to the Covered Conduct or the United States'

investigation and prosecution thereof.

I.      Omnicare, on behalf of itself and its predecessors, their current and former

parents, affiliates, divisions, subsidiaries, successors and assigns, fully and finally releases the

Relators from any claims (including for attorney's fees, costs, and expenses of every kind and

however denominated) that Omnicare has asserted, could have asserted, or may assert in the

future against any or all of the Relators, related to the Covered Conduct or the Relators'

investigation and prosecution thereof.

J.      The Settlement Amount shall not be decreased as a result of the denial of claims

for payment now being withheld from payment by any Medicare carrier or intermediary or any

state payer, related to the Covered Conduct; and Omnicare agrees not to resubmit to any

Medicare carrier or intermediary or any state payer any previously denied claims related to the

Covered Conduct, and agrees not to appeal any such denials of claims.

K.      Omnicare agrees to the following:

1.      Unallowable Costs Defined:  that all costs (as defined in the Federal

Acquisition Regulation, 48 C.F.R. § 31.205-47, in Titles XVIII and XIX of the Social Security

Act, 42 U.S.C. §§ 1395-1395hhh and 1396-1396v, and in the regulations and official program

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

directives promulgated thereunder) incurred by or on behalf of each of Omnicare and its present

or former officers, directors, employees, shareholders, and agents in connection with the

following shall be "Unallowable Costs" on government contracts and under the Medicare

Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits

Program ("FEHBP"):

        (a)     the matters covered by this Agreement;

        (b)     the United States' audit(s) and civil investigation(s) of the matters

covered by this Agreement;

        (c)     Omnicare's investigation, defense, and corrective actions

undertaken in response to the United States' audit(s) and civil investigation(s) in connection with

the matters covered by this Agreement (including attorney's fees);

        (d)     the negotiation and performance of this Agreement;

        (e)     the payments Omnicare makes to the United States pursuant to this

Agreement and any payments that Omnicare may make to any or all of the Relators, including

costs and attorney's fees; and

        (f)     the negotiation of the CIA, and the performance of obligations

undertaken pursuant to the CIA to:

        (i)     retain an independent review organization to perform

annual reviews as described in Section III of the CIA; and

        (ii)     prepare and submit reports to OIG-HHS.

However, nothing in this paragraph III.K.1.f that may apply to the obligations undertaken

pursuant to the CIA affects the status of costs that are not allowable based on any other authority

applicable to Omnicare. (All costs described or set forth in this Paragraph III.K.1 are hereafter "Unallowable Costs.")

     2.    <u>Future Treatment of Unallowable Costs</u>: These Unallowable Costs shall be separately determined and accounted for in nonreimburseable cost centers by Omnicare, and Omnicare shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Omnicare or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

     3.    <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Omnicare further agrees that, within 90 days of the Effective Date of this Agreement, it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs included in payments previously sought from the United States or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Omnicare or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Omnicare agrees that the United States, at a minimum, shall be entitled to recoup from Omnicare any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Omnicare or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs on Omnicare or any of its subsidiaries' or affiliates' cost reports, cost statements, or information reports.

4.      Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Omnicare's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

L.      Omnicare agrees to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Agreement concerning the Covered Conduct. Upon reasonable notice, Omnicare shall encourage, and agrees not to impair, the cooperation of its directors, officers, and employees, and shall use its best efforts to make available, and encourage the cooperation of, former directors, officers, and employees, for interviews and testimony, consistent with the rights and privileges of such individuals in connection with such investigation. Upon reasonable request, Omnicare agrees to furnish to the United States copies of documents in its possession, custody, or control concerning the Covered Conduct, unless such material is covered by a valid claim of attorney-client privilege, work product doctrine, common interest doctrine or the like. Nothing in this Agreement is intended by Omnicare as a waiver of any such privilege, and the United States agrees not to argue that anything in this Agreement constitutes any such waiver. Omnicare shall be responsible for all of the costs it may incur in complying with this paragraph.

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

M.    This Agreement is intended to be for the benefit of the Parties only.  The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph N, below, regarding waiver for beneficiaries.

N.    Omnicare agrees that it waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payers based upon the claims defined as Covered Conduct.

O.    Omnicare warrants that it has reviewed its financial situation and that it currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and shall remain solvent following payment of the Settlement Amount to the United States and the Medicaid Participating States.  Further, the Parties warrant that, in evaluating whether to execute this Agreement, they (a) have intended that the mutual promises, covenants, and obligations set forth herein constitute a contemporaneous exchange for new value given to Omnicare, within the meaning of 11 U.S.C. § 547(c)(1); and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange.  Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Omnicare was or became indebted on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

P.    Upon execution of this Agreement by all parties, the United States will file Notices of Intervention and Declination in the *Maguire Action*, *Kammerer I,* and the *Lisitza Action* wherein the United States will intervene as to the following claims asserted against

Omnicare: Count I of the Second Amended Complaint in the *Maguire Action*; Count II of the Second Amended Complaint in the *Maguire Action* as to the allegations involving Risperdal only; Count I of the Second Amended Complaint in *Kammerer I* as to the allegations involving Risperdal only; and Counts I, II, and IV of the Second Amended Complaint in the *Lisitza Action* as to the allegations involving Risperdal only; and the United States will decline to intervene in all other claims asserted against Omnicare in the *Maguire Action, Kammerer I*, and the *Lisitza Action*.

Q.     Within seven (7) business days after the payment of the Federal Settlement Amount pursuant to this Agreement, the Parties will file Stipulations of Dismissal of the Civil Actions as to Omnicare in the form of the Stipulations of Dismissal attached hereto as Attachments A through E.

R.     Except as expressly provided to the contrary in this Agreement or in a settlement agreement with another defendant in the Civil Actions, each Party shall bear its/his/her own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

S.     Omnicare represents that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

T.     Each of the Relators represents that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

U.     This Agreement is governed by the laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between or among any or all of the Parties under this Agreement is the United States District Court for the District of

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

Massachusetts, except that disputes arising under the CIA shall be resolved exclusively under the dispute resolution provisions in the CIA.

V.     For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

W.     This Agreement constitutes the complete agreement between the Parties as to the matters addressed herein.  This Agreement may not be amended except by written consent of the Parties.

X.     The individuals signing this Agreement on behalf of Omnicare represent and warrant that they are authorized by Omnicare to execute this Agreement.  The individuals signing this Agreement on behalf of any Relator represent and warrant that they are authorized by that Relator to execute this Agreement.  The United States signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

Y.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

Z.     This Agreement is binding on Omnicare's successors, transferees, and assigns.

AA.    This Agreement is binding on each Relator's successors, heirs, and assigns.

BB.    All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

CC.    This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date of this Agreement").  Facsimiles of signatures, and/or electronic

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

signatures in portable document format (.pdf), shall constitute acceptable, binding signatures for purposes of this Agreement.

[THE REMAINDER OF THIS PAGE HAS BEEN LEFT BLANK]

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

**THE UNITED STATES OF AMERICA**

DATED: 11/2/09      BY: _____
                        **LAURIE A. OBEREMBT**
                        Senior Trial Counsel
                        Commercial Litigation Branch
                        Civil Division
                        United States Department of Justice

DATED: 11/2/09      BY: _____
                        **GREGG D. SHAPIRO**
                        **CHRISTINE WICHERS**
                        Assistant United States Attorneys
                        United States Attorney's Office
                        District of Massachusetts

DATED: _____    BY: _____
                        **GREGORY E. DEMSKE**
                        Assistant Inspector General for Legal Affairs
                        Office of Counsel to the Inspector General
                        Office of Inspector General
                        United States Department of Health and Human Services

Page 20 of 22

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

## THE UNITED STATES OF AMERICA

DATED:_____     BY: _____
                        **LAURIE A. OBEREMBT**
                        Senior Trial Counsel
                        Commercial Litigation Branch
                        Civil Division
                        United States Department of Justice

DATED:_____     BY: _____
                        **GREGG D. SHAPIRO**
                        **CHRISTINE WICHERS**
                        Assistant United States Attorneys
                        United States Attorney's Office
                        District of Massachusetts

DATED:_11/2/a9_     BY: _____
                        **GREGORY E. DEMSKE**
                        Assistant Inspector General for Legal Affairs
                        Office of Counsel to the Inspector General
                        Office of Inspector General
                        United States Department of Health and Human Services

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

**OMNICARE, INC. - DEFENDANT**

DATED: _10/30/09_    BY: _~signature~_

                        **THOMAS R. MARSH**
                        Vice President – Financial Services and Treasurer
                        Omnicare, Inc.


DATED:_____    BY: _____

                        **TIMOTHY J. COLEMAN**
                        Dewey & LeBoeuf LLP
                        1301 Avenue of the Americas
                        New York, NY 10019


DATED:_____    BY: _____

                        **PAUL W. SHAW**
                        K&L Gates LLP
                        One Lincoln Street
                        Boston, MA 02111

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

## OMNICARE, INC. - DEFENDANT

DATED:_____        BY: _____
                              [Name]
                              [Title]
                              Omnicare, Inc.

DATED: 10/30/09          BY: _____
                              TIMOTHY N. COLEMAN
                              Dewey & LeBoeuf LLP
                              1301 Avenue of the Americas
                              New York, NY 10019

DATED:_____        BY: _____
                              **PAUL W. SHAW**
                              K&L Gates LLP
                              One Lincoln Street
                              Boston, MA 02111

.

Page 21 of 22

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

**OMNICARE, INC. - DEFENDANT**

DATED:_____   BY: _____

                                  **THOMAS R. MARSH**
                                  Vice President – Financial Services and Treasurer
                                  Omnicare, Inc.

DATED:_____   BY: _____

                                  **TIMOTHY J. COLEMAN**
                                  Dewey & LeBoeuf LLP
                                  1301 Avenue of the Americas
                                  New York, NY 10019

DATED: 10·30·09   BY: _____

                                  **PAUL W. SHAW**
                                  K&L Gates LLP
                                  One Lincoln Street
                                  Boston, MA 02111

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

**ADAM B. RESNICK - RELATOR**

DATED: 10/30/2009          BY: _JSP M Cormuli_

                                   **TIMOTHY McCORMACK**
                                   Phillips & Cohen LLP
                                   2000 Massachusetts Avenue, N.W.
                                   Washington, D.C. 20036

**DAVID M. KAMMERER - RELATOR**

DATED:_____          BY: _____

                                   **SHELLEY R. SLADE**
                                   Vogel, Slade & Goldstein, LLP
                                   5225 Wisconsin Avenue, N.W.
                                   Washington, D.C. 20015

**DEBORAH MAGUIRE - RELATOR**

DATED:_____          BY: _____

                                   **CHRISTOPHER B. MEAD**
                                   London & Mead
                                   1225 Nineteenth Street, N.W.
                                   Washington, D.C. 20036

**BERNARD LISITZA - RELATOR**

DATED:_____          BY: _____

                                   **MICHAEL I. BEHN**
                                   Behn & Wyetzner, Chartered
                                   500 N. Michigan Avenue
                                   Chicago, IL 60611

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*

**ADAM B. RESNICK - RELATOR**

DATED:_____        BY: _____
                           TIMOTHY McCORMACK
                           Phillips & Cohen LLP
                           2000 Massachusetts Avenue, N.W.
                           Washington, D.C. 20036

**DAVID M. KAMMERER - RELATOR**

DATED: 11/1/09        BY: *Shelley R. Slade*
                           SHELLEY R. SLADE
                           Vogel, Slade & Goldstein, LLP
                           5225 Wisconsin Avenue, N.W.
                           Washington, D.C. 20015

**DEBORAH MAGUIRE - RELATOR**

DATED:_____        BY: _____
                           CHRISTOPHER B. MEAD
                           London & Mead
                           1225 Nineteenth Street, N.W.
                           Washington, D.C. 20036

**BERNARD LISITZA - RELATOR**

DATED:_____        BY: _____
                           MICHAEL I. BEHN
                           Behn & Wyetzner, Chartered
                           500 N. Michigan Avenue
                           Chicago, IL 60611

Page 22 of 22

**ADAM B. RESNICK - RELATOR**

DATED:_____        BY: _____.

                                   **TIMOTHY McCORMACK**
                                   Phillips & Cohen LLP
                                   2000 Massachusetts Avenue, N.W.
                                   Washington, D.C. 20036

**DAVID M. KAMMERER - RELATOR**

DATED:_____        BY: _____.

                                   **SHELLEY R. SLADE**
                                   Vogel, Slade & Goldstein, LLP
                                   5225 Wisconsin Avenue, N.W.
                                   Washington, D.C. 20015

**DEBORAH MAGUIRE - RELATOR**

DATED: 10-31-09  BY: _____

                                   **CHRISTOPHER B. MEAD**
                                   London & Mead
                                   1225 Nineteenth Street, N.W.
                                   Washington, D.C. 20036

**BERNARD LISITZA - RELATOR**

DATED:_____        BY: _____

                                   **MICHAEL I. BEHN**
                                   Behn & Wyetzner, Chartered
                                   500 N. Michigan Avenue
                                   Chicago, IL 60611

Page 22 of 22

**ADAM B. RESNICK - RELATOR**

DATED:_____        BY: _____
                                        **TIMOTHY McCORMACK**
                                        Phillips & Cohen LLP
                                        2000 Massachusetts Avenue, N.W.
                                        Washington, D.C. 20036


**DAVID M. KAMMERER - RELATOR**

DATED:_____        BY: _____
                                        **SHELLEY R. SLADE**
                                        Vogel, Slade & Goldstein, LLP
                                        5225 Wisconsin Avenue, N.W.
                                        Washington, D.C. 20015


**DEBORAH MAGUIRE - RELATOR**

DATED:_____        BY: _____
                                        **CHRISTOPHER B. MEAD**
                                        London & Mead
                                        1225 Nineteenth Street, N.W.
                                        Washington, D.C. 20036


**BERNARD LISITZA - RELATOR**

DATED: 10/30/09        BY: _____
                                        **MICHAEL I. BEHN**
                                        Behn & Wyetzner, Chartered
                                        500 N. Michigan Avenue
                                        Chicago, IL 60611


Page 22 of 22

*Settlement Agreement among (A) United States, (B) Omnicare, and (C) Adam Resnick, David Kammerer, Deborah Maguire, and Bernard Lisitza*