UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                :
THE UNITED STATES OF AMERICA                    :
*ex rel.* DONALD GALE                           : CASE NO. 1:10-CV-00127
                                                :
    Plaintiff,                                  :
                                                :
  v.                                            : OPINION & ORDER
                                                : [Resolving Docs. 128, 129]
OMNICARE, INC.,                                 :
                                                :
    Defendant.                                  :
                                                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This is a False Claims Act case involving the Anti-Kickback Statute.[1] Relator Gale says that Defendant Omnicare violated the Anti-Kickback Statute by offering below-cost Medicare Part A per-diem contracts to Skilled Nursing Facilities (SNFs) to induce the SNFs to give Omnicare other, more lucrative government healthcare business.[2] Before the Court is a second discovery dispute between Relator Gale and Defendant Omnicare.[3]

Relator Gale brings a variety of arguable discovery abuses to the Court's attention.[4] Most important, he says that Omnicare did not search backup tapes of e-mails that it should have.[5] He also says that Omnicare has not produced non-electronic documents such as meeting notes.[6] He asks to add two additional custodians, former Omnicare CEO Joel Germunder and former COO Patrick Keefe.[7] He seeks live access to Omnicare's data system, to reopen the deposition Omnicare

---

[1] 42 U.S.C. § 1320a-7b(a)(3).
[2] *See generally* Doc. 120.
[3] Docs. 128, 129.
[4] Doc. 129.
[5] *Id.* at 1-4.
[6] *Id.* at 4.
[7] *Id.* at 4-5.

Case No. 1:10-CV-00127
Gwin, J.

executive Michael Mautz concerning per-diem arrangements, and information on Omnicare's overhead costs.[8] Finally, Gale also says that Omnicare's privilege log is deficient.[9]

Defendant Omnicare says it has done nothing wrong and Gale's requests should be denied.[10] Specifically, it says that it does not have to produce e-mails from the backup tapes because it is too difficult and too late.[11] Omnicare says that it has produced more than enough non-e-mail documents.[12] It also says that additional custodians are not needed and that it is too late to add them;[13] that Gale does not need live access to its computer systems;[14] that its privilege log is fine;[15] and that Gale already has access to the data needed to calculate its overhead.[16]

Gale has filed his notice of a discovery dispute five days before the original close of discovery.[17] Gale should have studied the production Omnicare provided more closely and discovered that Omnicare had not produced e-mails Gale thought should have been produced. The proper remedy would have been a motion to compel under Federal Rule of Civil Procedure 37(a) filed early enough for the Court to make a decision without impacting either side's final trial preparations. By merely filing a notice of a discovery dispute at this time, Gale places pressure on both sides' trial preparation: any order of this Court to add additional discovery will necessarily

---

[8] *Id.* at 5-9.
[9] *Id.* at 6-7.
[10] Doc. 128.
[11] *Id.* at 2-5.
[12] *Id.* at 5-7.
[13] *Id.* at 7-8.
[14] *Id.* at 8-10.
[15] *Id.* at 11-12.
[16] *Id.* at 12-15.
[17] The Court recently granted a joint motion to extend discovery by two days. Doc. 127. Gale accordingly gave the Court notice of this dispute one week before the actual close of discovery.

Case No. 1:10-CV-00127
Gwin, J.

require the extension of discovery closer to the trial date.

Omnicare should have reviewed its backup tapes to the extent that the e-mails on those backup tapes were not otherwise reviewed. Gale's lawsuit clearly and unambiguously relates to conduct from January 2004 to present.[18] For Omnicare not to have searched e-mails that were clearly within the relevant period of the lawsuit tests its obligation to conduct discovery in good faith.[19] Although this Court's Local Rule Appendix K does state that sources of limited accessibility may not be conducted until after an initial search has been completed,[20] it does not allow a party to refuse to search those sources: the requests simply need to be narrowly focused with some basis in fact.[21] Here, the parties had selected certain custodians and search terms for a clearly relevant period. Omnicare should have searched the backups.

The Court orders Omnicare to provide additional electronic discovery for two additional users or custodians: former CEO Joel Germunder and former COO Patrick Keefe. The Court orders Omnicare to search all sources of electronically-stored information, including any backups, for these two users or custodians only. Omnicare will provide electronic copies of all emails or other ESI of Germunder or Keefe that matches the search term protocol the parties earlier agreed upon from January 2004 to the present. Omnicare will provide this additional discovery no later than October 8, 2013. The Court additionally orders Omnicare to provide copies of non-electronic documents related to meetings or correspondence involving Germunder or Keefe where any discussion of Part

---

[18] Doc. 36 at 15.
[19] Cf. *Larkus v. Rio Brands, Inc.*, No. 5:08-CV-00127, 2013 WL 978215, at *23 (N.D. Ohio Mar. 11, 2013) (bad faith in discovery is a reason to dismiss a lawsuit).
[20] Local R. App'x K ¶ 4(b).
[21] *Id.*

-3-

Case No. 1:10-CV-00127
Gwin, J.

A per-diem rates occurred.  The Court denies the rest of Gale's requests for additional discovery.

    IT IS SO ORDERED


Dated: October 1, 2013                            s/     *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE