UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
THE UNITED STATES OF AMERICA                    :
*ex rel.* DONALD GALE                           :    CASE NO. 1:10-CV-00127
                                                :
        Plaintiff,                              :
                                                :
    v.                                          :    OPINION & ORDER
                                                :    [Resolving Docs. 132, 134, 136]
OMNICARE, INC.,                                 :
                                                :
        Defendant.                              :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

These are the third and fourth discovery disputes the parties in this False Claims Act case have notified the Court of in the last few weeks.  On the same day, Relator Gale brought these two disputes in separate filings to the Court's attention.[1]

Gale says that Defendant Omnicare has wrongfully claimed the attorney-client privilege to limit testimony from former Chief Compliance Officer James Mathis.[2] Gale also says that Mathis drafted documents relating to per-diem pricing arrangements that he left at Omnicare in electronic and physical form.  Plaintiff Gale says these should be produced.  Omnicare now seems to say these never existed.[3]

Gale also seeks an order finding Mathis's meetings and documents with the Compliance Committee are discoverable and not subject to the attorney-client privilege.  He also wants to reopen Mathis's deposition for 90 minutes and to require Omnicare pay the expense of the additional deposition.  He also seeks to have the Court order Omnicare to 1) provide the electronic folder

---

[1] Docs. 132, 134.
[2] Doc. 132 at 2-3.
[3] *Id.* at 1-2, 3-4.

Mathis testified contained Compliance Committee documents, 2) identify each person responsible for removing items from Mathis's office after he was fired, and 3) produce all agendas, minutes, and notes (electronic or physical) from the Compliance Committee meetings.[4/] Separately, Gale asks the Court to order Omnicare to produce all documents the United States sent to Omnicare during a previous False Claims Act case against Omnicare.[5/]

For its argument, Defendant Omnicare says that 1) no additional deposition time is needed with Mathis, 2) the electronic folder Mathis says contains relevant documents relate to hospice facilities, not SNFs, 3) it should not have to identify any witnesses at this point in the litigation, 4) it is prepared to produce minutes of Compliance Committee meetings relating to per-diem pricing, and 5) there are no other responsive documents.[6/] Omnicare also says that Gale's request for additional documents relating to prior False Claims Act cases violates an agreement it has with Gale and the settlement privilege and would be inadmissible.[7/]

Regarding the attorney-client privilege issues, communications are only protected if the communication was made for the purpose of receiving or providing legal advice.[8/] "That an attorney took part in business meetings does not insulate business communications made in those meetings from disclosure."[9/] "Minutes of meetings attended by attorneys are not, however, automatically privileged."[10/]

Omnicare does not show that the Compliance Committee meetings and the documents

---

[4/] *Id.* at 4-5.
[5/] Doc. 134 at 2-3.
[6/] Doc. 136 at 3-4.
[7/] *Id.* at 5-6.
[8/] *In re OM Securities Litigation*, 226 F.R.D. 579, 587 (N.D. Ohio 2005) ("Where a client *seeks legal advice from a professional legal advisor*, the communications relating *to that purpose* made in confidence are protected by the attorney-client privilege." (emphasis added)).
[9/] *SR Intern'l Bus. Ins. Co. V. World Trade Center Properties LLC*, No. 01 Civ. 9291, 2003 WL 193071, at *1 (S.D.N.Y. Jan. 29, 2003).
[10/] *Marten v. Yellow Freight Sys. Inc.*, No. Civ. A. 96-2013, 1998 WL 13244, at *6 (D. Kan. Jan. 6, 1998).

drafted by Mathis were for the purpose of obtaining legal advice. Instead, the meetings were scheduled meetings to comply with Corporate Integrity Agreements that Omnicare reached with the United States.[11] Indeed, the Corporate Integrity Agreements appear to have been mandated the Compliance Committee.[12] The meetings and documents sought to comply with its contract with the United States, not to obtain legal advice.

Although the Omnicare general counsel and other attorneys may have been present at meetings or received documents,[13] that is insufficient to clothe the entirety of their contents in the attorney-client privilege.[14] The Court finds no showing that the testimony or documents are privileged. Accordingly, the assertion of privilege fails.

The Court orders that the deposition of Mathis be reopened. Relator may examine Mathis for 90 minutes. Omnicare may not invoke the attorney-client privilege with respect to documents or meetings related to the Compliance Committee. The deposition must take place by October 9, 2013. The Court will not order Omnicare to pay Relator's costs.

The Court also orders Omnicare to provide all agenda, minutes, and notes (electronic or physical) from meetings of the Compliance Committee that relate to Medicare Part A per-diem pricing, Medicare Part D, and Medicaid from January 2004 to present. Omnicare must produce these documents by October 7, 2013.

Mathis also testified that he left relevant documents in electronic and physical form with Omnicare. Omnicare says the documents do not exist. Because Gale may seek a spoliation

---

[11] *See, e.g.*, Doc. 135-1 at 8 ("The purpose of the document was to -- to present the last manifestation or record of compliance concerns that the company had to the knowledge of the compliance department."), 10 ("I was preparing it for general management purposes."), 103 ("It's my memory that, when I took [the Compliance Committee] over, I changed the committee, and we moved from quarterly to monthly meetings."), 104-05 ("[The Compliance Committee] varied from time to time as to depth and breadth, but it was always senior managers.").

[12] *See* Docs. 137-1, 137-2.

[13] *See, e.g.*, Doc. 135-1 at 105-06.

[14] *See Marten, 1998 WL 13244 at *6*.

instruction or finding, Omnicare must provide Gale with the electronic or paper folder that contained the documents. Additionally, Omnicare must identify each person who had any contact with the folder after Mathis was told he was being fired. Gale says those who were had contact with the documents after he was fired could give evidence regarding what documents were present and what happened to the documents. This evidence is relevant and should have been provided before. Omnicare must provide this folder and the list by October 7, 2013.[15]

With respect to Gale's request that Omnicare produce documents provided to it by the United States relating to prior False Claims Act cases, Omnicare must provide those documents. Gale's acceptance of Omnicare's compromise offer was conditioned on Omnicare's representation that no other case had involved "discount pricing arrangements for SNFs."[16] That representation turned out to be incorrect: the *Maguire* case involved discount pricing (by pricing below cost) of consultant pharmacist services to SNFs.[17] The documents provided to Omnicare by the United States are relevant to Omnicare's knowledge that below-cost pricing may be an illegal kickback: Omnicare would have been aware that regulators believed that below-cost pricing violated the law. Moreover, by limiting its request to documents the United States provided to Omnicare, the request does not violate the *Goodyear Tire* settlement privilege.[18] Therefore, Omnicare must produce those

---

[15] The Court understands that Omnicare may have objections to the admissibility of this information. Omnicare may present those objections in motions in limine before trial.

[16] Doc. 136-3 at 5.

[17] *See* Doc. 117-8 at 5.

[18] *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) (stating the purpose of the privilege is that parties "must be able to *make* hypothetical concessions, *offer* creative quid pro quos, and generally *make* statements that would otherwise belie their litigation efforts" (emphasis added)). The United States has not objected to the discovery of this information.

documents the United States sent it pursuant to the previous False Claims Act cases by October 7, 2013.

      IT IS SO ORDERED


Dated: October 4, 2013                      s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE