UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
THE UNITED STATES OF AMERICA :
*ex rel.* DONALD GALE : CASE NO. 1:10-CV-00127
:
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. 157]
OMNICARE, INC., :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 11, 2013, Defendant Omnicare produced documents for in camera review. It claims an attorney-client privilege.[1] As a supplement to a previous submission to the Court,[2] Omnicare also produced e-mails that James Mathis had placed in an electronic folder entitled, "*per diem*." Omnicare has also produced the documents for which it claimed the attorney client privilege in discovery.

The attorney-client privilege protects only confidential communications of legal advice or requests for legal advice between an attorney and a client.[3] "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'"[4] The privilege does not extend to factual reports that attorneys present to clients, although it may protect legal recommendations based on those facts.[5] Disclosure of legal

---

[1] Docs. 140, 146.
[2] *See* Docs. 140, 143.
[3] *In re OM Securities Litigation*, 226 F.R.D. 579, 587 (N.D. Ohio 2005) ("Where a client *seeks legal advice from a professional legal advisor*, the communications relating *to that purpose* made in confidence are protected by the attorney-client privilege." (emphasis added)).
[4] *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002) (quoting *United States v. Collins*, 128 F.3d 313, 320 (6th Cir. 1997)).
[5] *See SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508, 515 (D. Conn. 1976) ("Legal departments are not citadels in which public, business or technical information may be placed to defeat discovery and thereby ensure confidentiality.").

Case No. 1:10-CV-00127
Gwin, J.

advice to an independent entity defeats any claim of privilege.[6] "The burden of establishing the existence of the privilege rests with the person asserting it."[7]

Omnicare has moved to "submit a memorandum and/or hearing or other opportunity to provide support for its assertion of privilege."[8] The Court finds the memorandum is unnecessary, especially given the limited time until trial. The Court is in the process of reviewing each document individually along with Omnicare's explanation of its privilege claim. Accordingly, the Court **DENIES** Omnicare's motion to make a record in support of its privilege assertions.

The Court is reviewing the documents that Omnicare has made claims of privilege under this framework. In the interests of allowing the parties time to review tehse documents, the Court makes the following rulings. The Court will make additional rulings after further review of the materials.

### I. The Supplemental "*Per Diem*" Documents

The Court overrules Omnicare's claim of privilege for Documents 5 and 7. The redacted portions of these documents do not relate to legal advice, but refer to gathering data that might eventually lead to legal advice. The data also apparently has a normal business purpose.

The Court overrules Omnicare's claim of privilege for Documents 8 and 9. Although there are statements reflecting legal advice which may be redacted, Omnciare has redacted discussions of data gathering, which is not legal advice or a communication requesting legal advice. Accordingly, those portions of the document are discoverable.

The Court sustains Omnicare's remaining claim of privilege for these documents.

### II. The Primary Privilege Log

---

[6] *See Medinol, Ltd. v. Boston Scientific Corp.*, 214 F.R.D. 113, 115-16 (S.D.N.Y. 2002).
[7] *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999).
[8] Doc. 157. Gale opposes this request. Doc. 158.

-2-

Case No. 1:10-CV-00127
Gwin, J.

The Court overrules Omnicare's claim of privilege for Documents 93, 136, 183, 262, 263, 264, 340, 343, 363, and 374. These documents do not contain legal advice or requests for legal advice. Although some of these documents may refer to data prepared at the request of counsel, the data itself is not protected under the attorney-client privilege, nor is the work product protection at issue because it was not prepared in anticipation of litigation. In any event, the data are being used for business purposes, not to secure legal advice in these documents.

The Court overrules Omnicare's claim of privilege for Documents 26, 35, 40, 64, and 198. Although these documents contain legal advice, the legal advice was disclosed to independent third parties, defeating any claim of privilege.

The Court overrules Omnicare's claim of privilege for Documents 1, 2, 29, 32, 38, 39, 46, 47, 58, 70, 71, 78, 80, 82, 83, 85, 86, 95, 96, 109, 127, 128, 131, 140, 169, 170, 171, 172, 179, 180, 181, 191, 192, 199, 200, 212, 243, 244, 245, 246, 259, 293, 294, 309, 383, 392, 393, 394, 410, 419, and 425. These documents contain legal advice or requests for legal advice. However, Omnicare has redacted more than the legal advice or requests for legal advice. In some instances, Omnicare withheld the entire document. Omnicare must redact only those portions of the communications that actually convey legal advice or requests for legal advice, not those portions which contain non-legal pricing calculations, discussions over which employee has responsibility for an account, messages to non-attorneys that do not themselves communicate legal advice or requests for legal advice, or business discussions to which an attorney has been carbon copied.

The Court overrules Omnicare's claim of privilege for Documents 111, 137, 145, 157, 397, 398, 399, 400, 401, and 402. These documents contain legal advice which may be redacted. However, they also contain legal advice that was disclosed to independent third parties. Those

Case No. 1:10-CV-00127
Gwin, J.

portions of the documents are no longer protected by the privilege and must be produced unredacted.

By noon on October 14, 2013, Omnicare must make provide the documents described above.

Omnicare has also provided the Court with a CD containing native versions of many voluminous spreadsheets. The Court directs Omnicare to file a list of which cells on which pages of each document on the CD contain redacted information. Omnicare must file this list by Tuesday at 2:00 p.m.

The Court will continue its review of the documents and make further rulings as necessary.

IT IS SO ORDERED


Dated: October 13, 2013                    *s/        James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

Case No. 1:10-CV-00127
Gwin, J.

portions of the documents are no longer protected by the privilege and must be produced unredacted.

By noon on October 14, 2013, Omnicare must make provide the documents described above.

Omnicare has also provided the Court with a CD containing native versions of many voluminous spreadsheets. The Court directs Omnicare to file a list of which cells on which pages of each document on the CD contain redacted information. Omnicare must file this list by Tuesday at 2:00 p.m.

The Court will continue its review of the documents and make further rulings as necessary.

IT IS SO ORDERED


Dated: October 13, 2013                    *s/        James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE