UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
THE UNITED STATES OF AMERICA :
*ex rel.* DONALD GALE : CASE NO. 1:10-CV-00127
:
Plaintiff, :
:
v. : OPINION & ORDER
:
OMNICARE, INC., :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 13, 2013, this Court issued an order resolving some issues regarding Omnicare's claims of privilege for documents withheld during discovery.[1] The Court has continued its review of the privilege log and documents, and makes the following rulings. The Court will continue to make additional rulings after further review of the materials.

The Court overrules Omnicare's claim of privilege for Documents 500, 501, 502, 503, 504, 505, 506, 507, 510, 512, 513, 514, 532, 471, 601, 632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 677, 765, 766, 767, 768, 769, 770, 771, 772, 775, 777, and 781. These documents do not contain legal advice or requests for legal advice. Therefore, these documents are not privileged.

Although some of these documents may refer to data prepared at the request of counsel, the data itself is not protected under the attorney-client privilege, nor is the work product protection at issue because it was not prepared in anticipation of litigation. For a document to have been made in anticipation of litigation, a court must ask "(1) whether a document was created because of a party's

---

[1] Doc. 160.

Case No. 1:10-CV-00127
Gwin, J.

subjective anticipation of litigation, as contrasted with an ordinary business purpose, and (2) whether that subjective interpretation of litigation was objectively reasonable."[2/] Based on a review of the documents themselves, the Court finds that their purpose is entirely unclear. Indeed, for the most part, the only indication that the documents relate to an investigation directed by Omnicare's counsel is Omnicare's assertion of privilege. It is just as likely that these documents were created to assess Omnicare's regulatory compliance or to assess Omnicare's overall business profitability as it is that they were created for an as-yet unknown lawsuit. In any event, it appears that many of these documents were being used for business purposes.

The Court overrules Omnicare's claim of privilege for Documents 457, 460, 461, 462, 469, 470, 474, 477, 479, 530, 531, 536, 538, 539, 540, 543, 544, 545, 546, 547, 548, 549, 550, 557, 558, 559, 582, 620, 621, 662, 663, 686, 687, 703, 704, 715, 716, 718, 735, and 757. These documents contain legal advice or requests for legal advice that may be redacted. However, Omnicare has redacted more than the legal advice or requests for legal advice. In some instances, Omnicare withheld the entire document. Omnicare must redact only those portions of the communications that actually convey legal advice or requests for legal advice, not those portions which contain non-legal pricing calculations, discussions over which employee has responsibility for an account, messages to non-attorneys that do not themselves communicate legal advice or requests for legal advice, or business discussions to which an attorney has been carbon copied.

The Court overrules Omnicare's claim of privilege for Documents 669, and 670. These documents contain legal advice which may be redacted. However, they also contain legal advice that

---

[2/] *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006) (citing *In re OM Group Sec. Litig.*, 226 F.R.D. 579, 584-85 (N.D. Ohio 2005)).

Case No. 1:10-CV-00127
Gwin, J.

was disclosed to independent third parties. Those portions of the documents are no longer protected by the privilege and must be produced un-redacted.

By noon on October 15, 2013, Omnicare must provide the documents described above.

The Court will continue its review of the documents and make further rulings as necessary.

IT IS SO ORDERED


Dated: October 14, 2013               *s/            James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE