UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------------

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA *ex rel.* DONALD GALE | : : : | CASE NO. 1:10-CV-00127 |
| Plaintiff, | : : |  |
| v. | : : | OPINION & ORDER [Resolving Doc. 183] |
| OMNICARE, INC., | : : |  |
| Defendant. | : : : |  |

-----------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Non-party Joel Germunder, a resident of Florida, moves to quash a trial subpoena served on him by Relator David Gale. Gale seeks Germunder's trial testimony in this False Claims Act case.[1] Germunder says that the subpoena does not comply the with requirements of Federal Rule of Civil Procedure 45 because service was improper, places an unreasonable burden on him, and some technical defects.[2] The Court **DENIES** the motion to quash.

Title 31 United States Code section 3731(a) allows a trial subpoena to be served on a person at any place in the United States. This statute "creates a subpoena power that exceeds the court's subpoena authority under Rule 45."[3] Accordingly, service on Germunder in Florida was proper.

Additionally, personal service was not required. Rule 45 nowhere provides that personal service of a subpoena is required. Instead, "[s]erving a subpoena requires delivering a copy to the

---

[1] Doc. 183.
[2] *Id.*
[3] *United States ex rel. Wilson v. Bristol-Myers Squibb, Inc.*, C.A. No. 06-12195, 2013 WL 3327317, at *3 (D. Mass June 27, 2013) (finding "the weight of authority" supports this interpretation).

Case No. 1:10-CV-00127
Gwin, J.

named person . . . ."[4/] The facts show that Germunder was served by certified mail that included the fees and milage costs.[5/] Therefore, Germunder was served appropriately.[6/]

The subpoena is not unduly burdensome. This Court has set the trial for this case on October 28, 2013.[7/] Germunder's own filings show that he had been in communication with Gale's counsel in September and was aware of the substance of what he would be asked.[8/] His testimony is also relevant to Omnicare's per-diem pricing strategy and its due diligence in acquiring companies that had per-diem arrangements. The fact that Gale did not depose Germunder does not make his testimony unnecessary, particularly where Germunder attempted to evade sitting for a deposition.[9/]

The Court finds that Germunder's other objections to the subpoena lose. Therefore, the Court **DENIES** Germunder's motion to quash the subpoena.

IT IS SO ORDERED.

Dated: October 19, 2013   s    *James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE

---

[4/] Fed. R. Civ. P. 45(b)(1).
[5/] Doc. 185-6.
[6/] *See, e.g.*, *Powell v. Time Warner Cable, Inc.*, 2010 WL 5464895, at *2-*3 (S.D. Oh. Dec. 30, 2010) ("[T]he drafters [of the Civil Rules] knew how to indicate a personal service requirement, but chose not to do so in Rule 45. . . . The Court agrees with and adopts the analyses of those courts finding that service of a subpoena is effective so long as it reasonably insures actual receipt.").
[7/] *See* Docket Notice filed Oct. 17, 2013.
[8/] Doc. 183-1 at 9-11.
[9/] *Id.*